UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMANDA L. C.,

                         Plaintiff,

v.                                                                    3:19-CV-0817
                                                                    (GTS)

COMMISSIONER OF SOCIAL SECURITY

                        Defendant.
_____

APPEARANCES:                                              OF COUNSEL:

BINDER & BINDER LAW FIRM                  CHARLES E. BINDER, ESQ.
  Counsel for Plaintiff
485 Madison Avenue, Suite 501
New York, NY 10022

SOCIAL SECURITY ADMINISTRATION        JESSICA TUCKER, ESQ.
OFFICE OF GENERAL COUNSEL–REGION I    Special Assistant U.S. Attorney
  Counsel for Defendant
JFK Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

       Currently before the Court, in this action filed by Thomas M. N. ("Plaintiff") against the Commissioner of Social Security ("Defendant") pursuant to 42 U.S.C. § 405(g), are (1) Plaintiff's motion for judgment on the pleadings, and (2) Defendant's motion for judgment on the pleadings. (Dkt. Nos. 12, 18.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is granted, and Defendant's motion for judgment on the pleadings is denied.

I.   **RELEVANT BACKGROUND**

    A.   **Factual Background**

Plaintiff was born in 1984, making her 31 years old at her alleged onset date and 34 years old at the date of the ALJ's decision. Plaintiff reported having a high school education and having past work as a cashier and merchandiser. In her application, Plaintiff alleged disability due to narcolepsy, leg and arm numbness, tremors, a torn ligament in her right ankle, depression, anxiety, loss of memory at times, dizziness at times, and floating kneecaps.

    B.   **Procedural History**

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on March 10, 2016, alleging disability beginning March 20, 2015. Plaintiff's application was initially denied on June 2, 2016, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff appeared at a hearing before ALJ David Romeo on September 21, 2018. On October 16, 2018, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. (T. 11-21.)[1] On May 8, 2019, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T. 1-3.)

    C.   **The ALJ's Decision**

Generally, in his decision, the ALJ made the following seven findings of fact and conclusions of law. (T. 11-21.) First, the ALJ found that Plaintiff is insured for benefits under

---

[1] The Administrative Transcript is found at Dkt. No. 8. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

Title II until March 31, 2021. (T. 13.) Second, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her application filing date. (T. 13.) Third, the ALJ found that Plaintiff's narcolepsy, cataplexy, mild obstructive sleep apnea, right talofibular ligament tear, fibro-osseous lesion of the right distal tibia, chronic right ankle sprain and tenosynovitis, anxiety, depression, panic disorder, and right knee chondromalacia are severe impairments, while her asthma and irritable bowel syndrome ("IBS") are not severe and her postural dizziness and intermittent limb numbness are not medically determinable impairments. (T. 14.) Fourth, the ALJ found that Plaintiff's severe impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"); specifically, the ALJ considered Listings 1.00, 3.00, 4.00 12.02, 12.04, and 12.06. (T. 14-15.) Fifth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can never climb ropes, ladders or scaffolds. The claimant can never be exposed to high, exposed places or moving mechanical parts. She can have occasional exposure to weather, extreme heat, extreme cold, wetness, humidity, vibration and atmospheric conditions. The claimant can occasionally operate a motor vehicle. She can understand, remember, and carry out simple instructions and make simple work related decisions. She can work at a consistent pace throughout the workday but not at a production rate pace where each task must be completed within a strict time deadline. The claimant can tolerate occasional interaction with coworkers and supervisors and no interaction with the public. She can tolerate occasional changes in work setting. The claimant can tolerate a low level of work pressure defined as work not requiring multitasking, detailed job tasks, significant independent judgment, very short deadlines and teamwork in completing job tasks. The claimant requires ready access to a restroom but the need to use the restroom can be accommodated by the 15-minute morning and afternoon breaks and the 30-minute lunch period.

(T. 16.) Sixth, the ALJ found that Plaintiff has no past relevant work. (T. 19.) Seventh, the ALJ

found that Plaintiff is not disabled because she remains able to perform a significant number of jobs at the sedentary exertional level, including as an automatic grinding machine operator, jewelry painter, and security surveillance monitor. (T. 20.) The ALJ therefore concluded that Plaintiff is not disabled.

    **D.    The Parties' Briefing on Their Motions**

        **1.    Plaintiff's Motion for Judgment on the Pleadings**

Generally, in her motion, Plaintiff makes three arguments. (Dkt. No. 11, at 17-27 [Pl.'s Mem. of Law].) First, Plaintiff argues that the ALJ failed to properly develop the record despite the fact that she was *pro se* at her hearing. (*Id*. at 17-21.) More specifically, Plaintiff argues that the ALJ failed to request an opinion from Plaintiff's treating neurologist Dr. Koh or from any source that treated her mental impairments despite the lack of opinions in the record, and failed to inform Plaintiff of the importance of obtaining such an opinion. (*Id*.) Plaintiff argues that this error is harmful because treating sources could have substantiated her subjective reports of her symptoms. (*Id*.)

Second, Plaintiff argues that an opinion from Dr. Koh submitted to the Appeals Council merits remand for consideration because that opinion was new, material, and would have reasonably led the ALJ to change his mind about the RFC. (*Id*. at 22-24.) More specifically, Plaintiff argues that the Appeals Council erred in finding that Dr. Koh's opinion was not related to the period at issue because Dr. Koh had been treating her since 2017 and thus the opinion about her functioning was necessarily retrospective back to the relevant time period, even if it was not rendered until after the ALJ's decision. (*Id.*) Plaintiff also argues that she had good cause for failing to submit an opinion from Dr. Koh sooner in that she was both mentally

impaired and acting *pro se* at the time of her hearing. (*Id.*)

Third, Plaintiff argues that the ALJ failed to properly evaluate her subjective complaints because he failed to explain how her reported activities of daily living contradict her other allegations, and he did not consider all of the relevant factors for assessing her subjective complaints. (*Id.* at 24-27.)

## 2. Defendant's Motion for Judgment on the Pleadings

Generally, in his motion, Defendant makes three arguments. (Dkt. No. 18, at 9-27 [Def.'s Mem. of Law].) First, Defendant argues that the ALJ provided a full and fair hearing and appropriately developed the record despite not getting an opinion specifically from a treating source like Dr. Koh. (*Id.* at 9-16.) More specifically, Defendant argues that the ALJ obtained Plaintiff's complete medical history, thoroughly questioned her at the hearing about her functioning and her impairments, provided her with an explanation of her duty to provide evidence in support of her application for benefits and of her rights. (*Id.*) Defendant also argues that the ALJ and SSA requested and/or obtained medical records from the providers she indicated had treated her, including requesting a statement of her functioning from some of her treating physicians (although those physicians did not comply with the request), and that the ALJ questioned her at the hearing for further details about her conditions. (*Id.*) Defendant additionally argues that the current applicable regulations do not require the ALJ to seek a medical opinion, but that he nonetheless did so here (unsuccessfully) and he therefore complied with his duty to develop the record. (*Id.*)

Second, Defendant argues that the Appeals Council appropriately declined to consider Dr. Koh's new opinion, and that, nonetheless, substantial evidence supports the ALJ's decision

despite the new evidence submitted to the Appeals Council. (*Id.* at 17-24.) More specifically, Defendant argues that Dr. Koh's opinion is not related to the time period at issue because it is dated a month after the ALJ's decision and does not contain any indication that the opined limitations existed before that date. (*Id.*) Defendant argues that evidence shows that Plaintiff reported new pain symptoms in November 2018 that suggest that Dr. Koh's opinion might not be reflective of Plaintiff's functioning prior to the ALJ's decision. (*Id.*) Defendant also argues that the Appeals Council was not required to apply the treating physician rule to Dr. Koh's opinion because it declined to grant review of Plaintiff's appeal, and that Plaintiff has failed to show that Dr. Koh's opinion would render the ALJ's RFC unsupported by substantial evidence because many of the limitations included in Dr. Koh's opinion are already accounted for in the RFC. (*Id.*)

Third, Defendant argues that the ALJ properly reviewed Plaintiff's subjective allegations because the restrictive RFC credits many of her symptom and functioning reports. (*Id.* at 24-27.) Defendant additionally argues that the ALJ is not required to explicitly address all seven factors when assessing a plaintiff's subjective complaints, and that the ALJ discussed the ones that were relevant to this case. (*Id.*)

### 3. Plaintiff's Reply Memorandum of Law

Generally, in her reply memorandum of law, Plaintiff makes three arguments in opposition to Defendant's motion. (Dkt. No. 21, at 2-7 [Pl.'s Reply Mem. of Law].) First, Plaintiff argues that the ALJ failed to develop the record by failing to comply with his duty to obtain a treating physician opinion on her behalf due to her *pro se* status. (*Id.* at 2-5.) Plaintiff argues in particular that a change in the regulations related to the duty to develop the record (which never included an explicit requirement to obtain a treating source opinion) does not

overrule longstanding Second Circuit case law that requires development of the record through obtaining treating physician opinions. (*Id.*)

Second, Plaintiff argues that remand is required to consider the new evidence submitted to the Appeals Council. (*Id*. at 5-6.) More specifically, Plaintiff argues that (a) counsel was able to obtain that opinion from Dr. Koh easily upon being hire to represent Plaintiff in her appeal and thus the ALJ must not have made sufficient effort when requesting an opinion from her prior to issuing his decision, and (b) because there is no evidence of significant worsening of Plaintiff's condition after the ALJ's decision, remand is required to seek clarification from Dr. Koh about what time period to which that opinion was meant to be applicable. (*Id.*)

Third, Plaintiff argues that the ALJ failed to properly evaluate her subjective symptom and functioning reports and it was legally improper for him to rely solely on her activities of daily living when making that finding.

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal

principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

    **B.**    **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v.*

*Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.  Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

### III. ANALYSIS

#### 1. Whether the ALJ Adhered to His Duty to Develop the Record

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law.  (Dkt. No. 18, at 9-16 [Def.'s Mem. of Law].)  To those reasons, the Court adds the following analysis.

"[T]he social security ALJ, unlike a judge in a trial, must on behalf of all claimants . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits

proceeding." *Morris v. Berryhill*, 721 Fed. App'x 25, 27 (2d Cir. 2018). "This duty is heightened for a *pro se* claimant." *Morris*, 721 Fed. App'x at 27. Notably, for *pro se* claimants, "the ALJ must ensure that all of the relevant facts are sufficiently developed and considered," and "an ALJ cannot reject a treating physician's diagnosis without first attempting to fill in any clear gaps in the administrative record." *Morris*, 721 Fed. App'x at 27 (internal quotation marks omitted). Specifically, "[a]n ALJ has an independent duty to make reasonable efforts to obtain a report prepared by a claimant's treating physician, including an assessment of the claimant's functional capacity, in order to afford the claimant a full and fair hearing." *Barton v. Colvin*, 13-CV-1199, 2015 WL 5511999, at *4 (N.D.N.Y. Sept. 15, 2015) (Suddaby, J.).

As Defendant argues, there is a letter as part of a set of records from the Guthrie Clinic-Sayre Clinic that were submitted to the ALJ on August 20, 2018, that requests various records (including physical therapy or occupational therapy notes, psychiatric records, discharge summaries, MRI and CT scans, clinic notes, emergency room records, operative notes, blood chemistry, and admission history) and also requests that the clinic "provide a statement based on your findings" that "should express you opinion about your patient's ability to do work-related physical or mental activities despite the limitations imposed by his/her physical or mental condition(s)" in terms of "sitting, standing, walking, lifting, carrying, handling objects, hearing, speaking, traveling . . . understanding, carrying out and remembering instructions, and responding appropriately to supervision, coworkers, and work pressures." (T. 1170.) The records that were submitted attached to this request letter include progress notes related to treatment provided by Dr. Koh and various physician's assistants and nurses. (T. 1142-63.) This evidence indicates that the ALJ did in fact request a functional opinion from Dr. Koh and/or her

practice.

Importantly, as noted above, the ALJ is not required to obtain an opinion or every piece of evidence from a treating source before making a determination, but rather must only make a reasonable effort to do so. *See Drake v. Astrue*, 443 Fed. App'x 653, 656 (2d Cir. 2011) (finding that the fact that a provider did not send additional records to the ALJ did not mean that the ALJ had failed to take reasonable efforts to develop the record because the ALJ had requested those records); *Keys v. Berryhill*, 16-CV-0448, 2017 WL 4324689, at *3 (W.D.N.Y. Sept. 29, 2017) (finding that, where the ALJ sent a request for records to a provider and then sent a follow-up request for additional information, it was reasonable for the ALJ to construe the provider's lack of response to the second request as an indication that the provider had sent all the information it had available). The above evidence shows that the ALJ did in fact make a request for an opinion from Dr. Koh's practice, but he did not receive such an opinion in response. The Court cannot say that Dr. Koh's failure to respond represents a failure of the ALJ to comply with his duty to develop the record. *See Tankisi v. Comm'r of Soc. Sec.*, 521 Fed. App'x 29, 33-34 (2d Cir. 2013) (finding that the applicable regulations "indicate that the ALJ's conclusions would not be defective if he requested opinions from medical sources and the medical sources refused").

The Court additionally notes that this is not a case in which the ALJ lacked any opinion from a medical source to guide his analysis of the RFC. Rather, the ALJ explicitly relied on opinions from the two consultative examiners and the nonexamining State Agency physician, balancing those opinions with the totality of the medical and other evidence in the record. Given the significant amount of medical records obtained and the presence of (and the ALJ's reliance on) other medical opinions, the Court declines to find that there was any gap in the record that

required the ALJ to obtain an opinion from a treating physician in order to make a valid decision regarding Plaintiff's disability status. *See Tankisi*, 521 Fed. App'x at 34 (finding that the applicable regulations "suggest remand is not always required when an ALJ fails in his duty to request opinions, particularly where, as here, the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity").

Although the ALJ must take greater care to ensure the record is developed in a case where a claimant proceeds *pro se* at the hearing, the fact that a claimant is *pro se* does not shift the burden of producing evidence in support of disability to the ALJ. The Court is satisfied by the evidence provided that the ALJ made reasonable efforts to obtain Plaintiff's complete medical history, including putting a request for a functional opinion in at least one of his requests for records that were sent to the Guthrie Clinic-Sayre Clinic and engaging in detailed questioning of Plaintiff at the hearing. Notably, throughout Plaintiff's lengthy argument as to why the lack of a treating physician opinion constitutes reversible error, Plaintiff fails to argue any way in which the multitude of medical treatment evidence and the presence of opinions from the consultative examiners and non-examining State Agency medical consultant were insufficient to allow the ALJ to make an informed decision about Plaintiff's functioning and disability status.

For all of the above reasons, the Court finds that Plaintiff's assertion that the ALJ failed to properly develop the record in accordance with the law is without merit.

    **2.**    **Whether the Evidence Submitted to the Appeals Council Merits Remand**

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 11, at 22-24 [Pl.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

"The Appeals Council shall consider evidence submitted after the ALJ's decision if the petitioner can show 'good cause' for not submitting the evidence to the ALJ and that the additional evidence is 'new, material, and relates to the period on or before the date of the hearing decision.'" *Tricario v. Colvin*, 681 Fed. App'x 98, 102 (2d Cir. 2017) (citing 20 C.F.R. §§ 404.970[a][5], [b]).  Additionally, even if a court determines that the Appeals Council erred by rejecting new and material evidence, "remand is only appropriate where there is a 'reasonable possibility' that this evidence would have influenced the ALJ to decide the disability determination differently."  *Tricario*, 681 Fed. App'x at 102 (citing *Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 43 [2d Cir. 1991]).

"Evidence is 'material' if there is 'a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently."  *Davidson v. Colvin*, 12-CV-0316, 2013 WL 5278670, at *7 (N.D.N.Y. Sept. 18, 2013) (Bianchini, M.J., D'Agostino, J.).  The Second Circuit has indicated that "medical evidence generated after an ALJ's decision [can] not be deemed irrelevant solely because of timing, [as] subsequent evidence of the severity of a condition suggests that the condition may have been more severe in the past than previously thought."  *Suttles v. Colvin*, 654 Fed. App's 44, 47 (2d Cir. 2016).

Plaintiff's argument focuses on the opinion from treating neurologist Han Koh, M.D., which is dated November 26, 2018, approximately a month after the ALJ's decision.  (T. 237-41.)  In this opinion, Dr. Koh indicates or opines the following: (a) she has been treating Plaintiff since January 4, 2017, at a frequency of every three months and the most recent visit was on November 16, 2018; (b) Plaintiff's prognosis is guarded; (c) Plaintiff has clinical findings of cataplectic attacks, sleep paralysis, excessive daytime sleepiness, disturbance in cognitive

functioning, hypnagogic phenomena, sleep attacks, and fatigue; (d) Plaintiff's primary symptoms are cataplexy, narcolepsy, fatigue, sleep attacks, and lack of endurance; (e) Plaintiff experiences cataplexy several times a week without medication, fatigue all the time without medication, and lack of endurance all the time; and (f) excitement, stress, and laughing/crying trigger Plaintiff's spells.  (T. 237-39.)  Dr. Koh opined that Plaintiff should avoid work involving climbing, heights, power machines, moving machinery, hazardous conditions, operation of motor vehicles, and work that is not closely supervised; that she might need to take breaks at unpredictable intervals; that she could lift and carry a maximum of ten pounds occasionally; that she should avoid work that involves mainly standing and walking throughout the workday; that she has a serious limitation in her abilities to understand, remember and carry out simple instructions, maintain attention and concentration for two-hour segments, be punctual within customary tolerances, sustain an ordinary routine without special supervision, deal with normal work stresses, maintain appropriate social behavior, and travel in unfamiliar places; that she is capable of low stress work; and that she will likely be absent from work on average more than three times per month as a result of her impairments and treatments.  (T. 239-41.)

In considering this opinion (and other evidence that was dated after the ALJ's decision), the Appeals Council found that it did not relate to the period at issue and thus did not affect the decision about whether Plaintiff was disabled beginning on or before October 16, 2018.  (T. 2.)

The Court agrees with Plaintiff that the Appeals Council erred in finding that Dr. Koh's opinion was not related to the relevant time period merely because it was rendered approximately a month after the ALJ's decision.  "Examinations and testing conducted after the ALJ's decision is rendered may still be relevant if they clarify a pre-hearing disability and/or diagnoses," and

"[t]he categorical refusal to consider evidence solely because it was created after the date of the ALJ's decision is an error as a matter of law." *See Davidson v. Colvin*, 12-CV-0316, 2013 WL 5278670, at *8 (N.D.N.Y. Sept. 18, 2013) (Bianchini, M.J., D'Agostino, J.) ("The Commissioner defends the Appeals Council's refusal to consider Dr. Deutch's assessment because the treating psychiatrist's opinion was rendered after the ALJ Rodriguez's decision. The Commissioner thus claims that the opinion did not apply to the period prior to the ALJ's decision. However, the assessment post-dated the decision by less than one month. This brief lapse of time, without more, does not justify summary dismissal of the physician's findings."); *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) ("Although the new evidence consists of documents generated after the ALJ rendered his decision, this does not necessarily mean that it had no bearing on the Commissioner's evaluation of Ms. Pollard's claims. To the contrary, the evidence directly supports many of her earlier contentions regarding David's condition. It strongly suggests that, during the relevant time period, David's condition was far more serious than previously thought and that additional impairments existed when David was younger.").

Despite Defendant's arguments, the Court finds that it is unlikely that Dr. Koh's assessment from November 26, 2018, expresses no opinion about Plaintiff's functioning prior to October 16, 2018. Notably, Dr. Koh's opinion indicates that it is based on Plaintiff's narcolepsy and cataplexy, both of which Dr. Koh had been treating for a significant portion of the relevant time period. Defendant's argument that, despite this longitudinal treatment, Dr. Koh's opinion could not reasonably represent Plaintiff's functioning before the date of the ALJ's decision because Plaintiff "reported new pain to Dr. Koh" in November 2018, is unpersuasive. Notably, even if Plaintiff reported a more recent pain in her left groin/thigh, such pain would not have

reasonably impacted many of the limitations opined by Dr. Koh. Additionally, Plaintiff reported to Dr. Koh that this new pain was felt more with sitting and improved with standing and walking, while Dr. Koh's opinion states that Plaintiff should avoid work that involves mainly standing and walking as opposed to sitting. (T. 244, 305.) Because Dr. Koh's functional opinion related to sitting, standing, and walking is inconsistent with Plaintiff's report of new pain in November 2018, the Court cannot say that these new reports influenced Dr. Koh's assessment of Plaintiff's functioning. Given the evidence of Dr. Koh's treatment history with Plaintiff, the diagnoses and limitations listed in her opinion, and the fact that the opinion was rendered approximately a month after the ALJ's decision, the Court finds that the Appeals Council erred in summarily dismissing Dr. Koh's opinion as being not relevant to the time period at issue based merely on the date it was rendered.

     Although Defendant is correct that many of the limitations opined by Dr. Koh are consistent with the very limited RFC the ALJ provided in this case, the fact that there are additional limitations that are more restrictive than those in the RFC (and which suggest disability) requires that this Court remand this matter for consideration by the ALJ. (T. 237-41 [in particular opining the need to take breaks at unpredictable intervals and to be absent from work more than three times per month due to her impairments and treatment].) It is not sufficiently clear from the ALJ's decision and assessment of the evidence whether anything in Dr. Koh's opinion would have altered the ALJ's findings; in particular, the ALJ found that Plaintiff's IBS-related needs could be accommodated with normal breaks, but he did not address how Plaintiff's narcolepsy might impact her need to take breaks throughout the workday, and no source made any opinion on that issue in the record before the ALJ. Without either a finding by

the Appeals Council that Dr. Koh's opinion was unlikely to change the ALJ's decision or a sufficiently clear indication from the ALJ's own decision as to how he would have weighed Dr. Koh's opinion, it is better left to the ALJ to make that determination in the first instance.  *See Mendez v. Colvin*, 13-CV-3618, 2014 WL 6979043, at *13 (S.D.N.Y. Dec. 9, 2014) (finding that, although there was evidence that might justify the ALJ's adverse credibility determination, "it is for the ALJ to give an explanation in the first instance"); *Romasz ex rel. A.H.N. v. Astrue*, 11-CV-1467, 2012 WL 5334752, at *5 (N.D.N.Y. Oct. 26, 2012) (Suddaby, J.) (declining to consider in the first instance whether plaintiff's impairments met a listing because that was "a task properly left to the Commissioner").

For the above reasons, the Court finds that remand is required for consideration of Dr. Koh's opinion based on the Appeals Council's error in finding that this opinion was not material.

### 3.     Whether the ALJ Properly Assessed Plaintiff's Subjective Complaints

Because the Court has determined that remand is warranted for consideration of Dr. Koh's opinion, the Court declines to address Plaintiff's arguments related to credibility given that the ALJ will be required to render a new credibility finding as part of his decision on remand.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 18) is **<u>DENIED</u>**; and it is further

**ORDERED** that this matter is **<u>REMANDED</u>** to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this Decision and Order.

Dated: August 18, 2020
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge